# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHILOH HEAVENLY QUINE,<br><br>         Plaintiff,<br><br>    v.<br><br>DE LA CRUZ,<br><br>         Defendant. | Case No.  1:24-cv-00797-KES-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO CONTINUE CASE AND DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 13) |

Plaintiff Shiloh Heavenly Quine ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was transferred to the United States District Court for the Eastern District of California from the Northern District of California on July 8, 2024.  (ECF No. 4.)  The complaint has not yet been screened.  (ECF No. 1.)

Currently before the Court is Plaintiff's motion to continue case and request for appointment of counsel, filed August 2, 2024.  (ECF No. 13.)  Plaintiff states that her complaint was filed in response to a 2017 settlement not being honored.  However, she would like to continue this case in the future regarding claims brought in the proper venue, if need be.  If Plaintiff is required to pay the filing fee for this action she seeks to continue this action.  Plaintiff also requests appointment of counsel, as she has no professional qualified ability, funds, resources, or legal knowledge.  She needs counsel to provide professional assistance, and there

are exceptional circumstances as to all claims involved regarding her approval for facial feminization and breast augmentation surgeries.  (*Id.*)

Plaintiff is informed that she does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle her to relief, her case is not exceptional.  This Court is faced with similar cases filed almost daily by prisoners seeking medical treatment who must litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Plaintiff's complaint has not yet been screened to determine whether it states a cognizable claim.  Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate her claims.

To the extent Plaintiff is seeking enforcement or cancellation of a prior settlement agreement finalized in the Northern District of California, those claims are not appropriately brought in this action.  However, as it appears Plaintiff is attempting to raise new claims separate from the prior settlement agreement, this complaint will be allowed to continue to screening before this Court.  Plaintiff's complaint will be screened in due course.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to continue case, (ECF No. 13), is GRANTED; and
2. Plaintiff's motion to appoint counsel, (ECF No. 13), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **August 7, 2024**            /s/ Barbara A. McAuliffe
                                     UNITED STATES MAGISTRATE JUDGE