UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SHILOH HEAVENLY QUINE,

Plaintiff,

v.

DE LA CRUZ,

Defendant.

Case No. 1:24-cv-00797-KES-BAM (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Doc. 22

Plaintiff Shiloh Heavenly Quine proceeded pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 9, 2024, the court issued an order denying as moot plaintiff's motion to provide case file to future counsel. Doc. 16. On October 21, 2024, that order was returned as "Undeliverable, Return to Sender, Refused, Unable to Forward." *See* docket. Plaintiff failed to file a timely change of address in compliance with Local Rule 183(b) or otherwise communicate with the court.

On January 3, 2025, the assigned magistrate judge issued findings and recommendations that recommended dismissal of the action, without prejudice, for plaintiff's failure to prosecute. Doc. 17. The findings and recommendations were returned as "Undeliverable, Attempted, Not Known, Unable to Forward" on January 13, 2025. *See* docket. The findings and recommendations were adopted, and this action was dismissed without prejudice for failure to

prosecute, on January 29, 2025. Doc. 18. Judgment was entered accordingly on the same date. Doc. 19. The judgment, and the order adopting the findings and recommendations, were served on plaintiff on January 29, 2025. *See* docket. That mailing was returned as "Undeliverable, Unable to Locate." *Id.*

Over a year later, on January 28, 2026, plaintiff filed a motion for case status and notice of new address. Doc. 20. On February 4, 2026, the magistrate judge issued an order indicating that the case had been closed. Doc. 21.

Currently before the Court is plaintiff's motion to be allowed to continue, filed Feburary 9, 2026, which the court construes as a motion for reconsideration. Doc. 22.

Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); *see also Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995). A Rule 59(e) motion must be filed no later than twenty-eight (28) days after entry of the judgment. *See* Fed. R. Civ. P. 59(e). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *accord Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Pursuant to this court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff's motion does not provide any basis for overturning the court's judgment under Rule 59(e) or 60. Plaintiff has not identified clear error nor manifest injustice in the court's final

order dismissing this action. Nor has plaintiff established excusable neglect. Plaintiff asks that the court reinstate this action because she was housed in the county jail for resentencing and her personal property was lost, and she argues that she therefore was unable to respond to the address change and was unable able to comply with the court's "order dated 7-11-2024." Doc. 22 at 1. But plaintiff does not provide any adequate explanation as to why she could not update her address or otherwise contact this court at any point following her transfer to the county jail or for nearly a year after entry of judgment.

Accordingly, plaintiff's motion for reconsideration, Doc. 22, is denied. This action remains closed.

IT IS SO ORDERED.

Dated: September 17, 2026

UNITED STATES DISTRICT JUDGE